## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------------x
SUNDY C. MARTIN                          :        CASE ACTION NO.
    *Plaintiff*                          :        3:11-CV-608 (JBA)
                                         :
v.                                       :
                                         :
PUCUDA, INC. and                         :
JOHN REXROAD                             :
    *Defendants*                         :        MARCH 12, 2012
-------------------------------------------------------------x

### STIPULATED JUDGMENT

The Plaintiff, Sundy Martin, and the Defendants, PUCUDA, Inc. and John Rexroad,

hereby move this Court to enter an order of stipulated judgment as follows:

1. Judgment for the Plaintiff as to the Defendant PUCUDA, Inc. in the sum of ONE

   HUNDRED AND SEVENTY THOUSAND DOLLARS AND 00/100 CENTS

   ($170,000.00), in accordance with Count Nine of the Compalint alleging Negligent

   Infliction of Emotional Distress, only.

2. Said judgment is to be satisfied exclusively through payment  of a promissory note

   from PUCUDA, Inc. to Sundy Martin secured against the assets, fixtures, and

   receivables of PUCUDA, Inc. A true copy of said promissory note is attached hereto

   as <u>Exhibit A</u>. Said note provides for an initial payment of $50,000.00 due at the time

   of execution followed by 12 consecutive monthly payments of $10,000.00 payable by

   the first day of each month. Failure to perform according to the terms of the note and

   make full payment by the end of the 15th day grace period will result in a default

   under the Note and all remedies set forth therein.

3. Furthermore, said note will be personally guaranteed by John Rexroad in accordance with the terms of the guaranty agreement, attached hereto as Exhibit B.

4. Furthermore, said judgment will be secured by a mortgage on a parcel of property known as 26 Jackson Road, Killingworth, Connecticut, attached hereto as Exhibit C.

The parties further jointly stipulate that the Plaintiff's claims against John Rexroad shall be dismissed with prejudice, and all of Plaintiff's claims against the PUCUDA, with the exception of Count Nine, shall also be dismissed with prejudice.

Dated at Hartford, Connecticut this 12th day of March, 2012

THE PLAINTIFF,
SUNDY MARTIN

By_____ /S/  Emanuele Cicchiello_____
Emanuele R. Cicchiello [ct27118]
Attorney for the Plaintiff
SUNDY MARTIN
CICCHIELLO& CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: manny@cicchielloesq.com

THE DEFENDANTS,
PUCUDA, INC. AND JOHN REXROAD

By____ /S/  Kerry Wisser_____
Kerry Wisser [ct01205]
Attorney for the Defendants
PUCUDA, INC. AND JOHN REXROAD
WEINSTEIN & WISSER, PC

29 South Main Street
Suite 207
West Hartford, CT  06107
Tel: (860) 561-2682
Fax: (860) 521-6150
Email: kmw@weinsteinwisser.com

# EXHIBIT A

## **PROMISSORY NOTE**

$170,000.00

HARTFORD, CONNECTICUT
FEBRUARY __, 2012

FOR VALUE RECEIVED, the undersigned ("the Borrower") promises to pay to the order of SUNDY MARTIN, care of her attorney, EMANUELE CICCHIELLO, ESQ., Cicchiello & Cicchiello, LLP at his office at 364 Franklin Avenue, Hartford, Connecticut 06114 ("the Lender"), the sum of ONE HUNDRED AND SEVENTY THOUSAND DOLLARS AND 00/100 CENTS ($170,000.00) ("the Loan").

The sum of FIFTY THOUSAND DOLLARS ($50,000.00) shall be due the Lender immediately upon the execution of this promissory note.

The remaining balance of ONE HUNDRED AND TWENTY THOUSAND DOLLARS ($120,000.00) shall be due and payable in 12 consecutive installments of TEN THOUSAND DOLLARS ($10,000.00) commencing on _April 1, 2012_____ and due on the first day of each consecutive month. The Borrower shall have a 15 day grace period in which to tender each monthly payment. Said grace period shall expire at the close of business on the fifteenth day of each month (or at the close of business on the next business day if the fifteenth day of the month falls on a weekend or holiday).

The Borrower promises to pay, in addition to said principal sum and interest, all taxes and assessments which may be levied and the lender upon any collateral securing this Note, and together with all costs of collection including reasonable attorney's fees incurred by the lender: (i) to collect the indebtedness due hereunder from any party liable for the payment of this Note, whether as endorser, guarantor, surety, or otherwise (collectively, "the parties"); (ii) in protecting, enforcing, foreclosing, or realizing upon the Lenders' rights in connection with any collateral securing this Note, any guarantor hereof or in connection with any other documents now or hereafter evidencing, securing, or relating to the indebtedness hereof (collectively referred to herein as the "Loan Documents); and (iii) in defendant and protecting the validity of the Loan Documents in connection with any litigation or controversy arising from or connected with the Loan Documents. Said costs, expenses, and attorney's fees enumerated above shall expressly include those as may be incurred by the Lender to foreclose any judgment lien, or to realize upon any collateral or to otherwise obtain payment and satisfaction of such judgment from the Borrower or any of the Parties. The Borrower's obligation to pay such costs and reasonable attorney's fees of the Lender in connection with the protecting, enforcing, or realizing of the rights and remedies above described shall exist whether or not

proceedings are instituted or legal appearances are made in any court of competent jurisdiction on behalf of the Lender.

If any payment due hereunder is not received by the Lender at such time that it is due and owing as set forth herein, the Borrower shall be shall be in default. Said default shall occur automatically, without notice or demand to the Borrower.

Upon default, this Note shall bear interest, retroactive to the date of execution by Borrower, of eighteen (18%) per annum..

The Borrower hereby gives the Lender a security interest in all assets, property, fixtures, and receivables it either currently possesses or comes to possess in the future until such time as its obligations under this Note are full performed. Said security interest is given to secure (i) the prompt payment and performance by the Borrower of the debts to the Lender evidenced by this Note and (ii) any and all other obligations of the Borrower to the Lender under this Note.

The Lender may waive any right or remedy hereunder any of the Loan Documents. No delay on the part of the Lender in the exercise of such right or remedy shall be construed as a bar to or waiver of any such right or remedy on any future occasion. No remedy reserved to the Lender hereunder or under any of the Loan Documents is intended to be exclusive of any other remedy, including those available at law or equity, and each shall be cumulative to others and may be exercised singularly or concurrently.

The Borrower may prepay this Note and/or the payments due hereunder in whole or in part without penalty.

The Bower hereby represents, covenants, and agrees that the proceeds of the Loan shall be used for general commercial purposes and that the Loan is a "COMMERCIAL TRANSACTION" as defined by the statutes of the State of Connecticut.

This Note is entered into in the State of Connecticut and shall be governed by and construed in accordance with the laws of the State of Connecticut. Borrowers each agree that the Superior Court of the State of Connecticut shall have jurisdiction over any dispute arising out of this Note, the Loan Documents, or any related document.

All references to "the Lender," "the Borrower," or "the Parties" shall apply to their respective heirs, successors, and assigns.

Presentment, protest, and notice are hereby waived.

BORROWER:
PUCUDA, INC.

By: _____
Its duly appointed representative

# EXHIBIT B

# GUARANTY AGREEMENT

The undersigned, **JOHN REXROAD** ("the Guarantor"), with a mailing address of 12 Jackson Road, Killingworth, Connecticut 06419, hereby executes this Guaranty in favor of **SUNDY MARTIN**, with a mailing address of c/o Emanuele Cicchiello, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, Connecticut 06114 ("the Lender").

## WITNESSETH:

WHEREAS, **PUCUDA, INC.**, with a mailing address of PO Box 1019, 500 Main Street, Deep River, Connecticut, 06417 ("the Borrower") has requested that the Lender make a loan to the Borrower in the sum of **ONE HUNDRED SEVENTY THOUSAND DOLLARS AND 00/100 CENTS** ("the Loan");

WHEREAS, the Lender has agreed to make the Loan to the Borrower, which Loan will be by a note ("the Note") in the amount of the Loan, which Note will be secured by, among other documents, an open-ended mortgage deed ("the Mortgage") dated of even date herewith and the Guarantor acknowledged receipt of and approves the Note and Mortgage as well as the other documents executed or to be executed by the Borrower in favor of the Lender (collectively, "the Loan Documents"); and

WHEREAS, as a material inducement for the Lender to make the Loan to the Borrower, the Guarantor has agreed with the Lender to guaranty payment of all sums due and owing to the Lender pursuant to the Note and any other charges, costs, or fees provided for in the Note and performance by the Borrower of all covenants on the Borrower's part to be performed and observed pursuant to the provisions of the Note and the Loan Documents.

## 1. PAYMENT AND PERFORMANCE

Guarantor does hereby fully guaranty to Lender that Borrower shall make due punctual payment of the principal of the Note when due and payable and all other sums which may at any time become due and payable as a result of the Borrower's failure to make timely payments to the Lender pursuant to the terms of the Note. Additionally, the Guarantor does hereby fully guaranty to Lender that Borrower shall make due payment of any and all other sums which may at any time be due and payable under the Note or any other Loan Documents and any and all indebtedness, advances, debts, obligations, and liabilities of Borrower heretofore, now, or hereafter made, incurred, or created, whether voluntarily or involuntarily and however arising, absolute or contingent, liquidated or unliquidated, determined or undetermined, whether or not such indebtedness is from time to time reduced or extinguished and thereafter increased or incurred or whether Borrower may be liable individually or jointly with others; and Guarantor

does hereby fully guaranty that Borrower shall duly and punctually perform all of its obligations, covenants, and conditions contained in the Note or any other Loan Documents.

If Borrower shall, at any time, fail to make any such payment or fail to perform such obligations, then, upon due notice to Guarantor, Guarantor shall make such payment or payments to Lender, this Guaranty being a Guaranty of payment and not of collection, and Guarantor shall, at Guarantor's sole cost and expense, promptly, diligently, and continuously perform all such obligations, covenants, and conditions of Borrower to Lender. Should Guarantor fail to perform his obligations pursuant to this agreement, he shall be liable to Lender to the same extent as Borrower.

## 2. INDEMNIFICATION

Guarantor shall, without requiring notice from Lender and without requiring Lender to take any proceedings against Borrower, at Guarantor's sole cost and expense for all direct and indirect costs, fully indemnify, save, and hold harmless, Lender from all cost and damage which Lender may suffer by reason of any failure by Borrower to perform any of the obligations of Borrower under the Note of the other Loan Documents and fully reimburse and repay to Lender any and all costs and expenses which Lender may incur arising from any such failure, and from any and all such loss, liability, expense, including legal fees and cost of litigation, and damage, suffered or incurred by Lender in enforcing and procuring the performance of this Guaranty and obligations of Borrower guaranteed hereby.

## 3. NO IMPAIRMENT OF GUARANTY

Lender, without notice to or the consent of Guarantor, at any time and from time to time, may (i) agree to any amendment or modification of any provision of the Note or other Loan Documents, including any change in the amount of the Loan or the time and manner of payment of principal, (ii) renew, compromise, extend, increase, accelerate, or otherwise change the time for payment of, or otherwise change the payment of the Note or all other indebtedness of Borrower guaranteed hereby, (iii) delay or fail to exercise any rights of Lender hereunder or under the note or the other Loan Document, and (iv) surrender to Borrower, or deal with or modify the form of, any security which Lender may at any time hold to secure the performance of any obligation guaranteed under this Guaranty, including, without limitation, releasing any part or parts of the collateral subject to the Loan Documents. The guaranties herein made by Guarantor shall not be impaired or affected by any of the foregoing and shall remain in full force and effect, and shall not be affected by any dissolution, termination, or reconstitution of Borrower.

4. WAIVER OF LEGAL REQUIREMENTS

Guarantor hereby waives all legal requirements that Lender institute any actions or proceedings at law or equity against Borrower or anyone else with respect to any security held by Lender, as a condition precedent to bringing an action against Guarantor upon this Guaranty, and Guarantor waives any right to compel Lender to resort first to any security which Lender may hold for performance of any of Borrower's obligations guaranteed under Guaranty. All rights and remedies afforded to Lender by reason of this Guaranty are separate and cumulative rights and remedies, and none of such rights or remedies, whether exercised by Lender or not, shall be deemed to be in exclusion of any of the other rights and remedies available to Lender. Guarantor hereby waives all suretyship defenses and does hereby acknowledge that Guarantor is not acting as an accommodation party under this Guaranty. Guarantor hereby waives any defense based on or arising out of any defense of Borrower other than payment in full on of the principal amount of the Note and all accrued interest and other sums and charges due thereon and any other indebtedness of Borrower guaranteed hereby, including without limitation, any defense based on or arising out of any disability of Borrower, or the enforceability of any indebtedness of Borrower to Lender or any part thereof from any cause, or the cessation from any cause the liability of Borrower other than payment in full of the principal amount of the Note and all other sums and charged due thereon and any other indebtedness Borrower guaranteed hereby.

5. RELEASE OF GUARANTOR

Until all of the obligations of Borrower guaranteed under this Guaranty are performed, and until all of the terms, covenants, and conditions of this Guaranty are fully performed, Guarantor shall not be released by any act or thing which might, but for this provision of this Guaranty, be deemed a legal or equitable discharge of a guarantor or surety.

6. NO SUBROGATION

If Guarantor shall make any payment or perform any acts under Guaranty, Guarantor shall not be subrogated to any rights or remedies of Lender against Borrower or thereby acquire any interest in Lender's rights and liens under the Note or the other Loan Documents or any other document or note evincing any indebtedness of Borrower to Lender, unless and until all principal indebtedness and other sums to be paid Lender pursuant to this Note, the Loan Documents, or any other document or note evincing any indebtedness of Borrower to Lender has been fully paid.

7. UNCONDITIONAL GUARANTEE

All of the obligations of Guarantor hereunder are unconditional and irrevocable and cannot be changed or terminated orally. Guarantor agrees that Guarantor's obligations hereunder shall not be impaired, modified, or released in any manner whatsoever by any impairment, modification, or release of the liability of Borrower or Borrower's estate in bankruptcy or reorganization, or by any stay or other legal impediment in or arising from any bankruptcy or reorganization proceeding of Borrower, resulting from the operations of any present or future provision of the National Bankruptcy Act, the Bankruptcy Code of 1978 or other similar State or Federal statute, or from the decisions of any court.

8. REPRESENTATIONS AND WARRANTIES OF GUARANTOR

Guarantor hereby represents and warrants, as of the date hereof:

    i. That Guarantor is desirous that Lender make the Loan to Borrower, will benefit directly from such Loan, and is willing to enter into this Guaranty in order to enhance the qualifications of Borrower for the Loan and as an inducement to and to fulfill the requirements of Lender for making the Loan.
    ii. It is not necessary for Lender to inquire into the capacity or powers of Borrower or the officers, directors, partners, members, or agents acting or purporting to act on Borrower's behalf, and any indebtedness made or created in reliance upon the professed exercise of such powers shall be guaranteed hereunder.
    iii. Guarantor assumes full responsibility for being and keeping Guarantor informed of Borrower's financial condition and assets, and of all other circumstances bearing upon the risk of nonpayment of the Note or any other indebtedness of Borrower to Lender and nature, scope, and extent of the risks which Guarantor assumes and incurs hereunder, and agrees that Lender shall have no duty to advise Guarantor of information known to it regarding such circumstances or risk.

9. NOTICES

Any notice or demand to any party hereto shall be delivered by hand delivery, express mail, or Federal Express or similar commercial overnight courier addressed to each party at the address set forth at the beginning of this Guaranty or such other address as any party may hereafter designate in writing in the manner provided herein and such service shall be deemed to be complete upon receipt or refusal to accept it.

10. <u>NON-WAIVER</u>

Lender may waive any right or remedy hereunder, under the Note, or under any of the Loan Documents. A waiver on any one occasion shall not be construed as a bar to or a waiver of any such right or remedy on any future occasion. No remedy reserved to the Lender hereunder, under the Note, the Loan Documents or under any document executed in connection herewith is intended to be exclusive of any other remedy, including those available at law or equity, and each shall be cumulative to others and may be exercised singularly or concurrently.

11. <u>BIND AND INURE</u>

The provisions of this Guaranty shall be construed in accordance with the laws of the State of Connecticut and shall bind and inure to the benefit of the parties hereto and their heirs, assigns, and successors forever; the word "Guarantor" as used herein shall mean not only the original Guarantor named in the first paragraph of this Guaranty, but also his heirs, assigns, and successors forever, and word "Lender" as used herein shall mean not only the original Lender named in the first paragraph of this Guaranty, but also her heirs, assigns, and successors forever, as well as all future holders of the Note and other Loan Documents and any other indebtedness of Borrower to Lender. The parties specifically stipulate and agree that time and punctuality are of the essence of this Guaranty with respect to the obligations and covenants of the Guarantor hereunder.

**IN WITNESS HEREOFF,** Guarantor has caused this Guaranty to be duly executed and delivered as of this _____2nd_____ day of _March_ , 2012.

Signed, sealed, and
delivered in the presence of:

_Sue Adam_

**GUARANTOR,**
**JOHN REXROAD**

# EXHIBIT C

## OPEN-ENDED MORTGAGE DEED

TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME, GREETING:

KNOW YE, THAT, **JOHN REXROAD**, presently residing at the address of 12 Jackson Road, Killingworth, Connecticut 06419 (hereinafter referred to as "the Mortgagor"), for the valuable consideration of ONE DOLLAR ($1.00) and other valuable consideration received to the Mortgagor's full satisfaction of **SUNDY MARTIN**, with a mailing address of c/o Emanuele Cicchiello, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, Connecticut 06114 (hereinafter referred to as "the Mortgagee"), does give, grant, bargain, sell, and confirm unto the Mortgagee, its heirs, assigns, and successors forever, that certain piece or parcel of undeveloped land situated in the Town of Killingworth and County of Middlesex and State of Connecticut, commonly referred to as 26 Jackson Road and which is more particularly bounded and described in **SCHEDULE A**, attached hereto and made a part hereof. All the foregoing land is herein referred to as "the mortgaged property" or "the Premises."

TO HAVE AND TO HOLD the above granted and bargained premises unto the Mortgagee, her heirs, assigns, and successors forever, to her and their own proper use and behoof. And also the said Mortgagor does for itself, its heirs, assigns, and successors forever, covenant with said Mortgagee her heirs, assigns, and successors forever, that at and until the ensealing of these presents, it is well seized of the premises as a good indefeasible estate in FEE SIMPLE, and has good right to bargain and sell the same in manner and form as is above written, and that same are free from all encumbrances whatsoever, except as set forth in the certificate of title delivered to the Mortgagee on behalf of the Mortgagor ("the Title Report").

And furthermore, the said Mortgagor does by these presents bind itself its heirs, assigns, and successors forever to WARRANT AND DEFEND the above granted and bargained premises to the Mortgagee, her heirs, assigns, and successors forever, against all claims and demands whatsoever, except as set forth in the Title Report.

THE MORTGAGE SECURES (I) Mortgagor's obligations to Mortgagee under a certain guaranty executed by the Mortgagor dated the same date as this Mortgage ("the Guaranty"), a copy of which is attached hereto and made a part hereof as Exhibit A, including all renewal, extensions, and modifications thereof; (II) the repayment of all other sums advanced under the terms of this instrument to protect the security of this Mortgage; and (III) the performance of the Mortgagor's covenants and agreements under this Mortgage and the Guaranty.

THE GUARANTY PROVIDES that Mortgagor guarantees to Mortgagee the prompt payment and performance by PUCUDA, INC. (hereinafter, "the Borrower") of the (i) debts of evidenced by a certain note from Borrower to Mortgagee dated the same date as this Mortgage (hereinafter, "the Note"), a copy of which is attached hereto as Exhibit B, (ii) any and all obligations under the Note, and (iii) any and all liabilities or obligations of Borrower to Mortgagee as defined in the Guaranty. There are no conditions which will relieve the Mortgagor of liability for all or part of the Note or for any and all liabilities or obligations of Borrowers to Mortgagee as defined in the Guaranty. There are no conditions which will release all or part of the Premises from the lien of this Mortgage.

The Borrower's address is PO Box 1019, 500 Main Street, Deep River, Connecticut, 06417.

This Mortgage is an open-end mortgage pursuant to Conn. Gen. Stat. § 49-4b. The full amount of credit authorized by the Note and guaranteed by the Guarantor is $170,000.00 in principal due from Borrower as of the date of this Mortgage, plus all interest, costs and attorney's fees that may accrue upon default. The Mortgagor's liability under the Guaranty will terminate when all liabilities or obligations of Borrower to Mortgagee as defined in the Guaranty are paid in full and/or performed to the Mortgagee's full satisfaction and such payment or performance is not rescinded or must otherwise be restored or returned by Mortgagee.

WHEREAS, Mortgagor further agrees that:

1. The Mortgagor will promptly pay to Mortgagee when due, in lawful money of the United States, all principal and other amounts due under the Note, this Mortgage, and any other document executed in connection therewith and herewith, and promptly perform all other obligations contained herein and therein. All such amounts and obligations are herein sometimes individually referred to as an "Obligation" and collectively referred to as the "Obligations," and the Note, this Mortgage, the Mortgagor's guarantee agreement and any such other documents executed in connection herewith are sometimes individually referred to as a "Loan Document" and collectively referred to as the "Loan Documents."

2. The Mortgagee and any persons authorized by the Mortgagee shall have the right to enter and inspect the mortgaged property at all reasonable times upon reasonable advance notice.

3. The Mortgagor will not sell, alter, encumber, suffer any change in title or ownership of, or otherwise transfer, or vest title in anyone other than the Mortgagor to, all or any part of the mortgaged

property while any part of the Obligations secured hereby remain unpaid.

4. The Mortgagor represents and warrants that Mortgagor has the power to execute, deliver, and perform this Mortgage and to execute the guarantee in favor of the Mortgagee. The execution, delivery, and performance of this Mortgage and other Loan Documents by Mortgagor will not violate any law, regulation, or court order, and will not result in the default in any agreement or indenture to which the Mortgagor is a party.

5. Notwithstanding anything contained to the contrary herein, Mortgagor represents to Mortgagee and Mortgagee by her acceptance of this Mortgage and Note secured hereby acknowledges that there are no taxes presently due and owing the Town of Killingworth. Failure by the Mortgagor to pay any taxes on the Premises shall constitute a default under this Mortgage.

6. The Mortgagee may waive any right or remedy hereunder, under the Note, or under any Loan Document. A waiver of one occasion shall not be construed as a bar to or a waiver of any such right or remedy on any future occasion. No remedy reserved to the Mortgagee hereunder, or under any Loan Document, is intended to be exclusive of any other remedy, including those available at law or equity, and each shall be cumulative to the others and may be exercised singularly or concurrently.

7. Upon the occurrence of an event of default hereunder, and after the any applicable grace periods, any and all Obligations secured hereby shall be come due and payable forthwith. The following event(s) shall be deemed to be a "default" and an "event of default" hereunder: Failure to promptly observe, perform, or comply with any obligation, condition, or covenant to be observed, performed, or complied with by the Mortgagor under the Mortgage or any of the Loan Documents.

8. Future Advances. This is an "OPEN-ENDED MORTGAGE" and the holder hereof shall have all the rights, powers, and protections to which the holder of any OPEN-ENDED MORTGAGE is entitled.

9. The Mortgagor shall pay all costs, expenses, and reasonable attorney's fees incurred by the Mortgagee in protecting, enforcing, or sustaining the lien of this Mortgage. The Mortgagor shall indemnify and save the Mortgagee harmless from all such costs and expenses, including but not limited to, attorney's fees, recording fees and costs of title search, continuation of abstract and

preparation of survey, incurred by reason of any action, suit, proceeding, hearing, motion, or application before any court or administrative body in which the Mortgagee may be a party by reason hereof, including but not limited to, condemnation, bankruptcy, and administrative proceedings, as well as other proceedings wherein proof of claim is required to be filed or in which it becomes necessary, in the Mortgagee's sole opinion, to defend or uphold the terms and priority of this Mortgage.

10. The covenants and agreements herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, assigns, successors, executors, and administrators of the parties thereto.

11. This Mortgage is to be governed by and construed in accordance with the laws of the State of Connecticut.

12. Any notice or demand to any party hereto shall be delivered by hand delivery, express mail, or Federal Express or similar commercial overnight courier addressed to each party at the address set forth at the beginning of this Mortgage or such other address as any party may hereafter designate in writing in the manner provided herein and such service shall be deemed to be complete upon receipt or refusal to accept it.

NOW, THEREFORE, if said Note and other Obligations secured hereby shall be well and truly paid according to their tenor, and if all agreements and provisions contained in said Note and herein are fully kept and performed, then this deed shall become null and void, otherwise to remain in full force and effect.

IN WITNESS THEREOF, the undersigned has caused this Mortgage to be executed as of this _10th_ day of _February_, 2012.

Signed, sealed, and
delivered in the presence of:

_Tina MacGillvary_
Tina MacGillvary

_Christina M. Gill_
Christina M. Gill

**MORTGAGOR,**
**JOHN REXROAD**

STATE OF CONNECTICUT      }
                          }      SS:    West Hartford
COUNTY OF HARTFORD        }

Personally appeared, **JOHN REXROAD**, known to me to be the person described in the foregoing instrument, and acknowledged that he executed the foregoing instrument for the purpose therein contained and acknowledged the same to be his act and deed, before me.

_Christina M. Gill_
Christina M. Gill
Notary Public
My Comm. Expires: 7/31/12

Attachments:
**Schedule A:** Property Description
**Exhibit A**: Guaranty
**Exhibit B**: Note

VOL. 160 PAGE 20

That certain piece or parcel of land shown as Lot 13 (3.0 Ac) on a survey entitled "Survey Map  Property of J. David Scott and Judith G. Scott  Jackson Road and Little City Road  Haddam and Killingworth, Connecticut  June 6, 1994  Scale 1" = 80'  Gregory F. Warren", and more fully described as follows:

Beginning at the easternmost point of the land herein described where the southwesterly boundary of other land of Scott, also being the Killingworth/Haddam Town Line, meets the northerly line of the road known as Jackson Road, as shown on said map, and then running the following courses and distances:  South 78° 58' 47" West along Jackson Road a distance of 248.57 feet to a point; thence in a curve to the right in a northwesterly direction along Jackson Road a distance of 31.38 feet to a point; thence North 76° 28' 14" West along Jackson Road a distance of 293.04 feet to a point; thence in a curve to the left in a westerly direction along Jackson Road a distance of 148.24 feet to a point; thence North 55° 27' 08" East along Lot 12, as shown on said map, a distance of 564.06 feet to a point; and thence South 35° 44' 04" East along other land of Scott, also being the Killingworth/Haddam Town Line, a distance of 413.86 feet to the point and place of beginning.

Received for record *March 17, 2000*

at *11* h *50* m *A* M and recorded by

*Linda M. Dudek* asst. Town Clerk

SCHEDULE A

## GUARANTY AGREEMENT

The undersigned, **JOHN REXROAD** ("the Guarantor"), with a mailing address of 12 Jackson Road, Killingworth, Connecticut 06419, hereby executes this Guaranty in favor of **SUNDY MARTIN**, with a mailing address of c/o Emanuele Cicchiello, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, Connecticut 06114 ("the Lender").

### WITNESSETH:

WHEREAS, **PUCUDA, INC.**, with a mailing address of PO Box 1019, 500 Main Street, Deep River, Connecticut, 06417 ("the Borrower") has requested that the Lender make a loan to the Borrower in the sum of **ONE HUNDRED SEVENTY THOUSAND DOLLARS AND 00/100 CENTS** ("the Loan");

WHEREAS, the Lender has agreed to make the Loan to the Borrower, which Loan will be by a note ("the Note") in the amount of the Loan, which Note will be secured by, among other documents, an open-ended mortgage deed ("the Mortgage") dated of even date herewith and the Guarantor acknowledged receipt of and approves the Note and Mortgage as well as the other documents executed or to be executed by the Borrower in favor of the Lender (collectively, "the Loan Documents"); and

WHEREAS, as a material inducement for the Lender to make the Loan to the Borrower, the Guarantor has agreed with the Lender to guaranty payment of all sums due and owing to the Lender pursuant to the Note and any other charges, costs, or fees provided for in the Note and performance by the Borrower of all covenants on the Borrower's part to be performed and observed pursuant to the provisions of the Note and the Loan Documents.

1. PAYMENT AND PERFORMANCE

Guarantor does hereby fully guaranty to Lender that Borrower shall make due punctual payment of the principal of the Note when due and payable and all other sums which may at any time become due and payable as a result of the Borrower's failure to make timely payments to the Lender pursuant to the terms of the Note. Additionally, the Guarantor does hereby fully guaranty to Lender that Borrower shall make due payment of any and all other sums which may at any time be due and payable under the Note or any other Loan Documents and any and all indebtedness, advances, debts, obligations, and liabilities of Borrower heretofore, now, or hereafter made, incurred, or created, whether voluntarily or involuntarily and however arising, absolute or contingent, liquidated or unliquidated, determined or undetermined, whether or not such indebtedness is from time to time reduced or extinguished and thereafter increased or incurred or whether Borrower may be liable individually or jointly with others; and Guarantor

**EXHIBIT A**

does hereby fully guaranty that Borrower shall duly and punctually perform all of its obligations, covenants, and conditions contained in the Note or any other Loan Documents.

If Borrower shall, at any time, fail to make any such payment or fail to perform such obligations, then, upon due notice to Guarantor, Guarantor shall make such payment or payments to Lender, this Guaranty being a Guaranty of payment and not of collection, and Guarantor shall, at Guarantor's sole cost and expense, promptly, diligently, and continuously perform all such obligations, covenants, and conditions of Borrower to Lender. Should Guarantor fail to perform his obligations pursuant to this agreement, he shall be liable to Lender to the same extent as Borrower.

## 2. INDEMNIFICATION

Guarantor shall, without requiring notice from Lender and without requiring Lender to take any proceedings against Borrower, at Guarantor's sole cost and expense for all direct and indirect costs, fully indemnify, save, and hold harmless, Lender from all cost and damage which Lender may suffer by reason of any failure by Borrower to perform any of the obligations of Borrower under the Note of the other Loan Documents and fully reimburse and repay to Lender any and all costs and expenses which Lender may incur arising from any such failure, and from any and all such loss, liability, expense, including legal fees and cost of litigation, and damage, suffered or incurred by Lender in enforcing and procuring the performance of this Guaranty and obligations of Borrower guaranteed hereby.

## 3. NO IMPAIRMENT OF GUARANTY

Lender, without notice to or the consent of Guarantor, at any time and from time to time, may (i) agree to any amendment or modification of any provision of the Note or other Loan Documents, including any change in the amount of the Loan or the time and manner of payment of principal, (ii) renew, compromise, extend, increase, accelerate, or otherwise change the time for payment of, or otherwise change the payment of the Note or all other indebtedness of Borrower guaranteed hereby, (iii) delay or fail to exercise any rights of Lender hereunder or under the note or the other Loan Document, and (iv) surrender to Borrower, or deal with or modify the form of, any security which Lender may at any time hold to secure the performance of any obligation guaranteed under this Guaranty, including, without limitation, releasing any part or parts of the collateral subject to the Loan Documents. The guaranties herein made by Guarantor shall not be impaired or affected by any of the foregoing and shall remain in full force and effect, and shall not be affected by any dissolution, termination, or reconstitution of Borrower.

4. UNDERLINE(WAIVER OF LEGAL REQUIREMENTS)

Guarantor hereby waives all legal requirements that Lender institute any actions or proceedings at law or equity against Borrower or anyone else with respect to any security held by Lender, as a condition precedent to bringing an action against Guarantor upon this Guaranty, and Guarantor waives any right to compel Lender to resort first to any security which Lender may hold for performance of any of Borrower's obligations guaranteed under Guaranty. All rights and remedies afforded to Lender by reason of this Guaranty are separate and cumulative rights and remedies, and none of such rights or remedies, whether exercised by Lender or not, shall be deemed to be in exclusion of any of the other rights and remedies available to Lender. Guarantor hereby waives all suretyship defenses and does hereby acknowledge that Guarantor is not acting as an accommodation party under this Guaranty. Guarantor hereby waives any defense based on or arising out of any defense of Borrower other than payment in full on of the principal amount of the Note and all accrued interest and other sums and charges due thereon and any other indebtedness of Borrower guaranteed hereby, including without limitation, any defense based on or arising out of any disability of Borrower, or the enforceability of any indebtedness of Borrower to Lender or any part thereof from any cause, or the cessation from any cause the liability of Borrower other than payment in full of the principal amount of the Note and all other sums and charged due thereon and any other indebtedness Borrower guaranteed hereby.

5. RELEASE OF GUARANTOR

Until all of the obligations of Borrower guaranteed under this Guaranty are performed, and until all of the terms, covenants, and conditions of this Guaranty are fully performed, Guarantor shall not be released by any act or thing which might, but for this provision of this Guaranty, be deemed a legal or equitable discharge of a guarantor or surety.

6. NO SUBROGATION

If Guarantor shall make any payment or perform any acts under Guaranty, Guarantor shall not be subrogated to any rights or remedies of Lender against Borrower or thereby acquire any interest in Lender's rights and liens under the Note or the other Loan Documents or any other document or note evincing any indebtedness of Borrower to Lender, unless and until all principal indebtedness and other sums to be paid Lender pursuant to this Note, the Loan Documents, or any other document or note evincing any indebtedness of Borrower to Lender has been fully paid.

7. UNCONDITIONAL GUARANTEE

All of the obligations of Guarantor hereunder are unconditional and irrevocable and cannot be changed or terminated orally. Guarantor agrees that Guarantor's obligations hereunder shall not be impaired, modified, or released in any manner whatsoever by any impairment, modification, or release of the liability of Borrower or Borrower's estate in bankruptcy or reorganization, or by any stay or other legal impediment in or arising from any bankruptcy or reorganization proceeding of Borrower, resulting from the operations of any present or future provision of the National Bankruptcy Act, the Bankruptcy Code of 1978 or other similar State or Federal statute, or from the decisions of any court.

8. REPRESENTATIONS AND WARRANTIES OF GUARANTOR

Guarantor hereby represents and warrants, as of the date hereof:

   i. That Guarantor is desirous that Lender make the Loan to Borrower, will benefit directly from such Loan, and is willing to enter into this Guaranty in order to enhance the qualifications of Borrower for the Loan and as an inducement to and to fulfill the requirements of Lender for making the Loan.

   ii. It is not necessary for Lender to inquire into the capacity or powers of Borrower or the officers, directors, partners, members, or agents acting or purporting to act on Borrower's behalf, and any indebtedness made or created in reliance upon the professed exercise of such powers shall be guaranteed hereunder.

   iii. Guarantor assumes full responsibility for being and keeping Guarantor informed of Borrower's financial condition and assets, and of all other circumstances bearing upon the risk of nonpayment of the Note or any other indebtedness of Borrower to Lender and nature, scope, and extent of the risks which Guarantor assumes and incurs hereunder, and agrees that Lender shall have no duty to advise Guarantor of information known to it regarding such circumstances or risk.

9. NOTICES

Any notice or demand to any party hereto shall be delivered by hand delivery, express mail, or Federal Express or similar commercial overnight courier addressed to each party at the address set forth at the beginning of this Guaranty or such other address as any party may hereafter designate in writing in the manner provided herein and such service shall be deemed to be complete upon receipt or refusal to accept it.

10. NON-WAIVER

Lender may waive any right or remedy hereunder, under the Note, or under any of the Loan Documents. A waiver on any one occasion shall not be construed as a bar to or a waiver of any such right or remedy on any future occasion. No remedy reserved to the Lender hereunder, under the Note, the Loan Documents or under any document executed in connection herewith is intended to be exclusive of any other remedy, including those available at law or equity, and each shall be cumulative to others and may be exercised singularly or concurrently.

11. BIND AND INURE

The provisions of this Guaranty shall be construed in accordance with the laws of the State of Connecticut and shall bind and inure to the benefit of the parties hereto and their heirs, assigns, and successors forever; the word "Guarantor" as used herein shall mean not only the original Guarantor named in the first paragraph of this Guaranty, but also his heirs, assigns, and successors forever, and word "Lender" as used herein shall mean not only the original Lender named in the first paragraph of this Guaranty, but also her heirs, assigns, and successors forever, as well as all future holders of the Note and other Loan Documents and any other indebtedness of Borrower to Lender. The parties specifically stipulate and agree that time and punctuality are of the essence of this Guaranty with respect to the obligations and covenants of the Guarantor hereunder.

**IN WITNESS HEREOFF,** Guarantor has caused this Guaranty to be duly executed and delivered as of this ____2nd____ day of ___March___, 2012.


Signed, sealed, and
delivered in the presence of:


_Sue Adam_____


                                        **GUARANTOR,**
                                        **JOHN REXROAD**

## PROMISSORY NOTE

$170,000.00

HARTFORD, CONNECTICUT
FEBRUARY __, 2012

FOR VALUE RECEIVED, the undersigned ("the Borrower") promises to pay to the order of SUNDY MARTIN, care of her attorney, EMANUELE CICCHIELLO, ESQ., Cicchiello & Cicchiello, LLP at his office at 364 Franklin Avenue, Hartford, Connecticut 06114 ("the Lender"), the sum of ONE HUNDRED AND SEVENTY THOUSAND DOLLARS AND 00/100 CENTS ($170,000.00) ("the Loan").

The sum of FIFTY THOUSAND DOLLARS ($50,000.00) shall be due the Lender immediately upon the execution of this promissory note.

The remaining balance of ONE HUNDRED AND TWENTY THOUSAND DOLLARS ($120,000.00) shall be due and payable in 12 consecutive installments of TEN THOUSAND DOLLARS ($10,000.00) commencing on _April 1, 2012_____ and due on the first day of each consecutive month. The Borrower shall have a 15 day grace period in which to tender each monthly payment. Said grace period shall expire at the close of business on the fifteenth day of each month (or at the close of business on the next business day if the fifteenth day of the month falls on a weekend or holiday).

The Borrower promises to pay, in addition to said principal sum and interest, all taxes and assessments which may be levied and the lender upon any collateral securing this Note, and together with all costs of collection including reasonable attorney's fees incurred by the lender: (i) to collect the indebtedness due hereunder from any party liable for the payment of this Note, whether as endorser, guarantor, surety, or otherwise (collectively, "the parties"); (ii) in protecting, enforcing, foreclosing, or realizing upon the Lenders' rights in connection with any collateral securing this Note, any guarantor hereof or in connection with any other documents now or hereafter evidencing, securing, or relating to the indebtedness hereof (collectively referred to herein as the "Loan Documents); and (iii) in defendant and protecting the validity of the Loan Documents in connection with any litigation or controversy arising from or connected with the Loan Documents. Said costs, expenses, and attorney's fees enumerated above shall expressly include those as may be incurred by the Lender to foreclose any judgment lien, or to realize upon any collateral or to otherwise obtain payment and satisfaction of such judgment from the Borrower or any of the Parties. The Borrower's obligation to pay such costs and reasonable attorney's fees of the Lender in connection with the protecting, enforcing, or realizing of the rights and remedies above described shall exist whether or not

**EXHIBIT B**

proceedings are instituted or legal appearances are made in any court of competent jurisdiction on behalf of the Lender.

If any payment due hereunder is not received by the Lender at such time that it is due and owing as set forth herein, the Borrower shall be shall be in default. Said default shall occur automatically, without notice or demand to the Borrower.

Upon default, this Note shall bear interest, retroactive to the date of execution by Borrower, of eighteen (18%) per annum..

The Borrower hereby gives the Lender a security interest in all assets, property, fixtures, and receivables it either currently possesses or comes to possess in the future until such time as its obligations under this Note are full performed. Said security interest is given to secure (i) the prompt payment and performance by the Borrower of the debts to the Lender evidenced by this Note and (ii) any and all other obligations of the Borrower to the Lender under this Note.

The Lender may waive any right or remedy hereunder any of the Loan Documents. No delay on the part of the Lender in the exercise of such right or remedy shall be construed as a bar to or waiver of any such right or remedy on any future occasion. No remedy reserved to the Lender hereunder or under any of the Loan Documents is intended to be exclusive of any other remedy, including those available at law or equity, and each shall be cumulative to others and may be exercised singularly or concurrently.

The Borrower may prepay this Note and/or the payments due hereunder in whole or in part without penalty.

The Bower hereby represents, covenants, and agrees that the proceeds of the Loan shall be used for general commercial purposes and that the Loan is a "COMMERCIAL TRANSACTION" as defined by the statutes of the State of Connecticut.

This Note is entered into in the State of Connecticut and shall be governed by and construed in accordance with the laws of the State of Connecticut. Borrowers each agree that the Superior Court of the State of Connecticut shall have jurisdiction over any dispute arising out of this Note, the Loan Documents, or any related document.

All references to "the Lender," "the Borrower," or "the Parties" shall apply to their respective heirs, successors, and assigns.

Presentment, protest, and notice are hereby waived.

BORROWER:
PUCUDA, INC.

By: _____

Its duly appointed representative